No. 17-70017

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

TAICHIN PREYOR,

Petitioner – Appellant,

v.

LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent – Appellee.

On Appeal from the United States District Court
for the Western District of Texas
San Antonio Division
Case No. SA-10-CA-857-FB

**\*TAICHIN PREYOR IS SCHEDULED TO BE
EXECUTED ON JULY 27, 2017\***

**PETITIONER-APPELLANT TAICHIN PREYOR'S
MOTION FOR STAY OF EXECUTION**

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

Petitioner TaiChin Preyor respectfully requests a stay of his imminent execution. This Court has jurisdiction to grant the stay because Mr. Preyor's pending appeal from the District Court's denial of his Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Rule 60 Motion) is a potential habeas corpus proceeding that empowers this Court to grant

a stay under 28 U.S.C. § 2251. It should grant the stay because doing so would give this Court the time it needs to fully consider Mr. Preyor's appeal from the District Court's denial of his Rule 60 Motion, and, if relief is granted and Preyor's federal habeas proceedings are reopened, to pursue his claims for federal habeas relief.

## I. BACKGROUND

Mr. Preyor's former attorneys were utterly unqualified to represent Preyor in federal habeas proceedings. As detailed in the Rule 60 Motion, appointed counsel's investigation has uncovered that Brandy Estelle, the attorney of record, and her accomplice, disbarred attorney Philip Jefferson, defrauded both this Court and Preyor, depriving Preyor of an opportunity to adequately present his claims for federal habeas relief, including a claim of ineffective assistance of trial counsel under *Wiggins v. Smith*, 539 U.S. 510 (2003). As a result, Mr. Preyor is now scheduled to be executed on July 27 without having received his statutory right to at least one opportunity to seek federal habeas relief, *see* 28 U.S.C. § 2254, and on the basis of a death sentence imposed by a jury who never heard the powerful mitigation evidence that Mr. Preyor's current appointed attorneys are in the process of uncovering. A stay is necessary to allow this Court to thoroughly review the District Court's erroneous denial of Mr. Preyor's Rule 60 Motion, and to allow Mr. Preyor's appointed attorneys enough time to complete their mitigation

investigation, for which this Court approved a $45,000 budget. *See Preyor v. Davis*, Civ. No. SA-10-CA-857-FB, Dkt. 57 (W.D. Tex. May 12, 2017).

## II.  MR. PREYOR IS ENTITLED TO A STAY OF EXECUTION

### A. This Court Has Jurisdiction To Stay Mr. Preyor's Execution

As a threshold matter, this Court has authority under 28 U.S.C. § 2251(a)(1) to stay Mr. Preyor's execution. Authority to issue a stay of execution exists where, as here, "there is a pending *or potential* habeas corpus proceeding before the court." *Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009) (emphasis added). By its very nature, Mr. Preyor's pending Rule 60 Motion creates a "potential habeas proceeding" in that it seeks to reopen the underlying federal habeas proceedings on two independent grounds (fraud on the court and extraordinary circumstances). Indeed, several courts have agreed that a pending Rule 60 motion confers jurisdiction to enter a stay of execution. *See, e.g.*, *Mobley v. Head*, 306 F.3d 1096, 1096–1097 (11th Cir. 2002) (granting motion for stay of execution pending consideration of petitioner's motion for relief under Rule 60); *Zeigler v. Wainwright*, 791 F.2d 828, 829–830 (11th Cir. 1986) (same); *Piechocki v. Joseph Scibana*, No. 04-C-466-C, 2004 WL 3006789, at *1 (W.D. Wis. Dec. 27, 2004) (same); *Cooey v. Bradshaw*, 216 F.R.D. 408, 417 (N.D. Ohio 2003) (same).

### B. The Stay Factors Strongly Favor Staying Mr. Preyor's Execution

Relevant considerations for granting a stay include the prisoner's likelihood of success on the merits, the relative harm to the parties, and the extent to which the prisoner has unnecessarily delayed his or her claims. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Nelson v. Campbell*, 541 U.S. 637, 649-650 (2004). All three factors weigh strongly in Mr. Preyor's favor.

First, Mr. Preyor's Rule 60 Motion presents a "significant possibility of success on the merits." *Hill*, 547 U.S. at 584. As detailed in the motion and in his brief before this Court, Mr. Preyor presents a substantial claim that fraud on the court and truly extraordinary circumstances infected his federal habeas proceedings. The fraudulent representation by Mr. Preyor's former attorneys—one with a complete lack of experience in capital cases, the other disbarred since 1990—defiled the integrity of his federal habeas proceedings, and was enough to prevent any court from effectively "perform[ing] in the usual manner its impartial task of adjudging cases." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 867, 872 (5th Cir. 1989) (quoting *Kerwit Med. Prods. v. N. & H. Instruments Inc.*, 616 F.2d 833, 837 (5th Cir. 1980)). It also severed any meaningful agency relationship between those former attorneys and Mr. Preyor, and resulted in abysmal representation. His former attorney's fraud is thus a fundamental procedural defect in Mr. Preyor's federal habeas proceedings that justifies reopening the judgment

4

under Rule 60(d)(3) and Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.5 (2005) (holding that Rule 60 motions raising procedural defects in prior federal habeas proceedings do not constitute "successive" petitions subject to the restrictions of 28 U.S.C. § 2244). Given the egregious conduct by these wholly unqualified attorneys, there is a significant likelihood that Mr. Preyor's request to reopen his federal habeas proceedings will be granted.

Second, the balance of harms weighs in Petitioner's favor. The harm to Mr. Preyor of being put to death without ever receiving full and fair review of the constitutionality of his death sentence, which was obtained in violation of Preyor's Sixth Amendment Right to Counsel, cannot be overstated. The public interest likewise favors a stay. Our system is designed to provide death-sentenced inmates with a full and fair opportunity for collateral review, with the assistance of qualified counsel. *See* 28 U.S.C. § 2254; 18 U.S.C. § 3599. Preyor has never been afforded that opportunity. And if he is executed next week, he never will be. The public interest in providing death-sentenced inmates with the full procedural protections to which they are entitled far outweighs the State's and the victim's family's interest in carrying out an execution next week. And no one can claim an interest in executing a sentence that was likely obtained in violation of Preyor's Sixth Amendment right. *See Wood v. Collier*, 836 F.3d 534, 542 (5th Cir. 2016)

("The finality of a death sentence and, with it, the inherent risk of uncertainty demand diligent effort by all.").

Finally, Mr. Preyor has not unreasonably delayed the assertion of his rights. As discussed in the Argument, Section D of Mr. Preyor's Application for Certificate of Appealability, upon discovering early indications of his former attorney's fraudulent scheme, Mr. Preyor's newly appointed counsel, Hilary Sheard, diligently pursued the full investigation of that conduct necessary to demonstrate the highly fact-specific grounds for relief from judgment under Rule 60. That investigation, however, was put on hold for over a year while the budget necessary for further work was pending approval in the District Court. Moreover, once the budget was approved on May 12, 2017, Dist. Ct. Dkt. 57, counsel has diligently advanced their investigation of the fraud committed by Mr. Preyor's former counsel, and also conducted an extensive mitigation investigation that none of Mr. Preyor's attorneys had ever performed. Under the circumstances, Mr. Preyor was reasonably diligent in bringing his Rule 60 Motion.

## CONCLUSION

For the foregoing reasons and those explained in Mr. Preyor's application for certificate of appealability, Mr. Preyor respectfully requests that the Court stay his execution pending its consideration of his meritorious claims for relief.

Dated:  July 25, 2017                    Respectfully submitted,

                                              */s/ Catherine E. Stetson*
Catherine E. Stetson*
Elizabeth C. Lockwood*
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC  20002
(202) 637-5491
cate.stetson@hoganlovells.com

Mark E. Olive*
320 W. Jefferson Street
Tallahassee, FL 32301
(850) 224-0004
meolive@aol.com

Hilary Sheard
Texas Bar # 50511187
7421 Burnet Road, # 300-512
Austin, TX 78757
(512) 524-1371
HilarySheard@Hotmail.com

*Admitted pro hac vice*
*Counsel for Petitioner TaiChin Preyor*

## CERTIFICATE OF SERVICE

I certify that on July 25, 2017, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all counsel, who are registered users.

*/s/ Catherine E. Stetson*
Catherine E. Stetson
