# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-70017

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2017

Lyle W. Cayce
Clerk

TAI CHIN PREYOR,

        Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

        Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-857

Before JOLLY, PRADO, and ELROD, Circuit Judges.[*]

PER CURIAM:[**]

Tai Chin Preyor was convicted of capital murder and sentenced to death in 2005. He challenged his conviction and sentence on direct appeal, in state post-conviction proceedings, and a federal habeas proceeding. No challenges were successful. On July 17, 2017, ten days before his scheduled execution, he filed a motion under Federal Rule of Civil Procedure 60, seeking to reopen his

---

[*] Judge Prado concurs in the judgment only.
[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-70017

federal habeas proceedings under Rule 60(d)(3) (fraud on the court) and/or Rule 60(b)(6) (extraordinary circumstances). He claimed that his former habeas counsel of record, Brandy Estelle, who had been retained to represent him by his mother, committed a fraud upon the court by acting largely as a puppet for Philip Jefferson, a now deceased California attorney who had been disbarred in 1990, and by concealing Jefferson's habeas involvement from the court. Preyor sought to have the district court restore him to the position he was in before Jefferson and Estelle filed the federal habeas petition on his behalf, so that he can now assert a new claim that his trial counsel rendered ineffective assistance by failing to investigate, discover, and present mitigating evidence of physical and sexual abuse and substance addiction.

On July 24, the district court held that Preyor's Rule 60 motion constituted a successive petition for habeas relief under 28 U.S.C. § 2244(b). Because Preyor had not obtained authorization from this Court to file a successive habeas petition, the district court held that it lacked jurisdiction to consider the motion. Alternatively, the district court held that Preyor had not shown a fraud on the Court that would justify relief under Rule 60(d)(3), nor had he demonstrated the timeliness and extraordinary circumstances necessary for relief under Rule 60(b)(6). The district court also denied a certificate of appealability (COA). Preyor appealed on July 24 and, on July 25, with a little more than 48 hours before his scheduled execution on July 27, he filed a motion for a COA.[1]

We conclude that jurists of reason would not debate whether the district court correctly concluded that Preyor's Rule 60(b) motion is a successive habeas claim. Nor would reasonable jurists debate the district court's alternative

---

[1] Preyor has not sought authorization from this Court to file a successive habeas petition; he has only appealed the district court's denial of his Rule 60 motion.

No. 17-70017

holding that Preyor is not entitled to relief under Rule 60(d)(3) and Rule 60(b)(6). We therefore DENY a COA. We also DENY Preyor's motion for a stay of execution.

## I.

The facts are set forth in our previous opinion and need not be repeated in detail here. *Preyor v. Stephens*, 537 F. App'x 412 (5th Cir. 2013). Briefly, Preyor was convicted and sentenced to death in Texas in March 2005, for the 2004 capital murder of Jami Tackett during the course of committing or attempting to commit burglary. He stabbed her numerous times, severing her trachea, jugular vein, and carotid artery. He was arrested on the grounds of her apartment complex, covered in blood. The jury rejected his claim of self-defense, convicted him and sentenced him to death.

The procedural history of this case requires thorough consideration, however, and is set out in detail below.

The Texas Court of Criminal appeals affirmed Preyor's conviction and death sentence on direct appeal. *Preyor v. State*, No. AP-75119, 2008 WL 217974 (Tex. Crim. App. Jan. 23, 2008) (unpublished).

Terry McDonald was appointed to represent Preyor in state post-conviction proceedings. McDonald filed a state habeas application on behalf of Preyor in November 2007, raising, among other claims, several claims of ineffective assistance of trial counsel (IATC), none of which pertained to the presentation of mitigating evidence at the punishment phase of the trial. The trial court scheduled an evidentiary hearing.

In the fall of 2007, prior to the evidentiary hearing, and notwithstanding the fact that Preyor was represented by McDonald, Preyor's mother hired new counsel to represent him. According to the affidavit of Preyor's mother, submitted in support of his Rule 60 motion in the district court, she hired Philip Jefferson to represent Preyor. Jefferson allegedly told her that he had

3

No. 17-70017

worked in Los Angeles with Johnnie Cochran. He told her that Brandy Estelle, an attorney from Beverly Hills, California, would sign and file the documents in the case because he was retired.[2] Estelle, on behalf of Preyor, filed a state habeas application in the trial court on December 1, 2008, raising five IATC claims, none of which pertained to the presentation of mitigating evidence at the sentencing phase of trial.

Both McDonald and Estelle[3] were present at the state habeas evidentiary hearing on February 9, 2009. In response to questions from McDonald, Preyor testified under oath at the hearing that his family had retained Estelle to represent him and that he wished to proceed with the habeas application filed by Estelle, rather than the one filed by McDonald.

On October 28, 2009, the Texas Court of Criminal Appeals (TCCA) denied the habeas application filed by McDonald. *Ex parte Taichin Preyor*, No. WR 72,660-01, 2009 WL 3474097 (Tex. Crim. App. Oct. 28, 2009). It construed the filing by Estelle as a subsequent application and dismissed it, pursuant to Texas Code of Criminal Procedure Article 11.071, Section 5(a), as an abuse of the writ. *Ex parte Taichin Preyor*, No. WR 72,660-02, 2009 WL 3474097 (Tex. Crim. App. Oct. 28, 2009).

Estelle filed another state habeas application on behalf of Preyor in December 2009, asserting a conflict of interest claim based on trial counsel's interactions with the victim's stepfather during a recess at trial. The application also raised a claim regarding McDonald's assistance: it asserted that before withdrawing or abandoning his client, McDonald made no effort to either replace his application with the one filed by Estelle, or to supplement his application with the claims asserted in the application filed by Estelle. On

---

[2] In March 2015, Preyor's mother found out that Jefferson had been disbarred in 1990.

[3] According to the affidavits filed in support of the Rule 60 motion, Jefferson was also present at the state habeas evidentiary hearing in 2009.

4

No. 17-70017

November 9, 2011, the TCCA dismissed this application as an abuse of the writ. *Ex parte Taichin Preyor*, No. WR 72,660-03, 2011 WL 5438390 (Tex. Crim. App. Nov. 9, 2011).

Estelle filed a federal habeas petition on behalf of Preyor on October 21, 2010. Preyor claimed that trial counsel rendered ineffective assistance by (1) failing to allow him to testify at trial; (2) failing to investigate and adequately prepare for a defense at trial; (3) failing to object to the prosecutor's lecturing to prospective jurors and use of brainwashing tactics and indoctrination during voir dire; (4) failing to conduct voir dire regarding racial bias or prejudice; and (5) making false, inconsistent and confusing representations to the jury in opening statement and closing argument. He alleged that appellate counsel was ineffective in failing to present IATC claims on direct appeal. He alleged that his first state habeas counsel, McDonald, rendered ineffective assistance by (1) arguing trial strategy in the state writ; (2) failing to produce any evidence at the evidentiary hearing; (3) abandoning his client by failing to prepare proposed findings of fact and conclusions of law; and (4) failing to make a motion for appointment of federal habeas counsel. Estelle filed an amended petition on behalf of Preyor on December 11, 2010, alleging that trial counsel had a conflict of interest based on his interaction with the victim's stepfather during a trial recess. The petition did not contain any IATC claims pertaining to the presentation of mitigating evidence at the punishment phase of the trial.

On June 27, 2011, the district court granted Preyor's motion to proceed *in forma pauperis*. On August 23, 2011, Estelle moved in the district court for appointment under the Criminal Justice Act (CJA). On October 20, 2011, the district court denied without prejudice the motion for appointment of counsel, stating that Estelle had not presented facts demonstrating that she was qualified for appointment under the CJA.

No. 17-70017

The district court denied the federal habeas petition on June 15, 2012. It held that most of Preyor's complaints of IATC were procedurally defaulted because they were dismissed as abusive by the state court. Alternatively, the district court addressed the claims on the merits, de novo, and held that they were without merit.

Estelle, on behalf of Preyor, filed a motion for reconsideration, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (holding that ineffective assistance of state habeas counsel may constitute cause to overcome the procedural default of substantial IATC claims). Although *Martinez* was decided on March 20, 2012, nearly three months before the district court's decision denying relief, Estelle, on behalf of Preyor, waited until his motion for reconsideration to argue, for the first time, that ineffective assistance of initial state habeas counsel (McDonald) excused his procedural default of the IATC claims. The district court denied the motion, holding that none of Preyor's complaints about the performance of his trial counsel were substantial because he failed to demonstrate either deficient performance or prejudice.

On October 30, 2012, Estelle, on behalf of Preyor, filed a request for a COA and supporting brief in this Court. After the State responded, she filed a reply brief on behalf of Preyor on February 22, 2013. That same day, Estelle moved in this Court for appointment under the CJA. She explained that she had been retained by Preyor's mother and had been representing him in state and federal court for over three years, but that continuing legal fees were posing a financial hardship for the mother. She alleged that she was "well qualified" to represent Preyor and "has over ten years of litigation experience, including federal cases." On February 27, 2013, this Court granted the motion to appoint Estelle as counsel for Preyor under the CJA.

On July 25, 2013, this Court denied Preyor's request for a COA. *Preyor v. Stephens*, 537 F. App'x 412 (5th Cir. 2013). After the Supreme Court denied

No. 17-70017

certiorari, 135 S. Ct. 34 (2014), Estelle moved to withdraw as counsel for Preyor, and this Court granted the motion on February 23, 2015.

The district court appointed present lead counsel, Hilary Sheard, to represent Preyor on March 13, 2015. Ms. Sheard conducted a substantial amount of work for Preyor over a year. In March 2016, the State set Preyor's execution date for July 20, 2016. However, after Preyor's counsel, Sheard, filed a motion for release of billing records of his former counsel (Estelle), his execution date was withdrawn on April 1, 2016.

In April 2016, Sheard submitted a proposed budget to the district court in which she indicated a desire to continue exploring (1) trial counsel's ineffectiveness for failing to present mitigating evidence and (2) procedural defects in the federal habeas proceedings caused by former counsel Estelle. After the magistrate judge's recommendation regarding Sheard's budget in June 2016, the district court acted on the recommendation on March 30, 2017. On March 21, 2017, Preyor's execution was rescheduled for July 27, 2017— over one year after his initial execution date. The Chief Judge of this Court gave final approval of Sheard's budget on May 12, 2017. Four days later, the district court appointed Catherine Stetson and Mark Olive to serve as Sheard's co-counsel for Preyor.

Other than the delay in the execution date and the budget request, there were no filings and no court activity for over two years—between March 2015, when Ms. Sheard took over, and June 27, 2017. On June 27, 2017, one month before his scheduled execution date, Preyor filed a motion for stay of execution in federal district court. *Preyor v. Massey*, No. 5:10-CV-857 (W.D. Tex.). The district court denied the motion on July 7, 2017, finding that it lacked jurisdiction to stay the execution. Alternatively, the district court held that a stay should not be granted because Preyor failed to show a likelihood of success on the merits, because a stay would impose a substantial injury on the victim's

No. 17-70017

family members, and because the balance of equities was not in Preyor's favor, as the stay was requested to allow further development of claims that had been investigated for over two years by Ms. Sheard, a well-qualified and experienced attorney who had obtained a generous budget from the court.

On July 14, 2017, Preyor filed another motion for stay of execution in the district court. Three days later—ten days before his scheduled execution—he filed the Rule 60 motion that is the subject of this appeal.

In addition, on July 18 Preyor filed a subsequent state habeas application, raising, for the first time, a claim that trial counsel rendered ineffective assistance by failing to investigate and present mitigating evidence of physical and sexual abuse and substance addiction ("*Wiggins*[4] claim"). The Texas Court of Criminal Appeals held that Preyor failed to satisfy the requirements of Article 11.071 § 5 and dismissed the writ without reviewing the merits of his claims. *Ex parte Taichin Preyor*, No. WR-72,660-04 (Tex. Crim. App. July 24, 2017). It also denied his motion for a stay of execution. *Id*.

On July 24, the district court denied Preyor's Rule 60 motion and denied a stay of execution. The district court held that it lacked jurisdiction to grant a stay because there was no pending or potential habeas petition before it. In the alternative, the district court concluded that a stay of execution was not warranted for at least three reasons. First, Preyor failed to show a likelihood of success on the merits of his Rule 60 claim. Second, the court found that the issuance of a stay would impose a substantial injury to the victim's family members, who had already had to endure a lengthy appellate process and delays in the scheduling of the execution, and who have a substantial interest

---

[4] *Wiggins v. Smith*, 539 U.S. 510 (2003) (holding that a failure to investigate a capital defendant's social history and consequent failure to present mitigating evidence regarding the defendant's history of sexual abuse and other traumatic childhood events, violated the defendant's Sixth Amendment right to effective assistance of counsel).

No. 17-70017

in obtaining some closure to this case. Third, the district court found that granting a stay was not in the public interest, because "it would inhibit the State's ability to carry out an otherwise valid sentence and impair the finality of state criminal judgments."

Having fully laid out the procedural history relevant to the issues before us, we now turn to consider Preyor's request for a COA to appeal the district court's denial of his Rule 60 motion.

II.

Preyor requests a COA for the following issues:

(1) whether Preyor's Rule 60 Motion constitutes a successive habeas petition;

(2) whether (a) a disbarred attorney's unauthorized practice of law on behalf of Preyor, concealed from the courts by his lawyer of record, and/or (b) the same lawyer of record's seeking duplicative compensation from this Court, amount to fraud on the court under Rule 60(d)(3), thus warranting relief from the previous judgment and appeal denying Preyor's federal habeas petition;

(3) whether Preyor's former habeas counsel enacted a fraudulent scheme, including fraudulent inducement of the representation, which constitutes an extraordinary circumstance warranting equitable relief pursuant to Rule 60(b)(6); and

(4) whether Preyor's claim for relief under Rule 60(b)(6) was timely filed.

Preyor contends that he has made a substantial showing of the denial of a constitutional right and is therefore entitled to a COA, because his underlying *Wiggins* IATC claim is substantial and the district court's denial of Rule 60 relief erroneously deprived him of the opportunity to present that claim.

This Court has held that a COA is required to appeal the denial of a Rule 60 motion seeking relief from a federal habeas judgment, except "when the

No. 17-70017

purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). Because Preyor is seeking to set aside the district court's 2012 judgment denying federal habeas relief, a COA is required before he can appeal.

A COA may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA is a "jurisdictional prerequisite" and, therefore, "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. (internal quotation marks and alterations omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims," but instead requires "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. In death penalty cases, we resolve any doubts in favor of granting a COA. *See Martinez v. Dretke*, 404 F.3d 878, 884 (5th Cir. 2005).

A. Treatment of Rule 60 Motion as Successive Habeas

We consider first whether reasonable jurists could debate the district court's determination that Preyor's Rule 60 motion should be construed as an unauthorized successive federal habeas petition. The district court had jurisdiction to consider Preyor's Rule 60 motion if it attacked, "not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*,

No. 17-70017

545 U.S. 524, 532 (2005). The Court stated that the term "claim" as used in 28 U.S.C. § 2244(b) (the statute imposing requirements on second or successive habeas petitions) means "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530. The Court stated:

> When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Id.* at 533.

The Supreme Court further explained that its use of the term "on the merits" referred

> to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4.

The Court stated that "[f]raud on the federal habeas court is one example of such a defect [in the integrity of the federal habeas proceedings]." *Id.* at 532 n.5. The Court went on to note, however, "that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* (citation omitted).

If a Rule 60 motion is treated as a successive habeas petition, the petitioner must obtain from this Court an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). A claim presented in a

No. 17-70017

second or successive habeas petition under 28 U.S.C. § 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In the district court, Preyor argued that his request for relief under Rule 60 was not a successive habeas petition because it was solely an attack on a defect in his prior habeas proceedings—Jefferson and Estelle's alleged fraud on the court and their fraudulent inducement of his consent to their representation of him in state and federal court. The district court rejected that argument, observing that Preyor spent 23 out of 57 total pages briefing *Wiggins* IATC claims that Estelle should have raised in the original federal habeas proceedings. The court also noted that <u>Preyor announced in the motion his intention to raise these *Wiggins* claims once he is "restored" to the position he was in before Estelle filed his federal habeas petition</u>. In short, he sought to reopen the habeas proceedings to introduce a new claim and new evidence. The court concluded that because Preyor was using his fraud allegation as a means to reopen the proceedings for the ultimate purpose of raising and litigating his new IATC *Wiggins* claims, his Rule 60(b) motion was "the very definition of a successive petition."

In his COA application, Preyor argues that his Rule 60 motion challenges procedural defects in the integrity of his federal habeas proceeding and should

12

not be treated as a successive habeas petition.  According to Preyor, his allegation that his federal habeas counsel, Estelle, committed a fraud on the court by failing to reveal that she was acting as a puppet for a disbarred lawyer, and his allegation that his attorneys fraudulently induced his consent to their representation of him—which amounts to an extraordinary circumstance warranting relief under Rule 60(b)(6)—are procedural defects that have no relation to the validity of his underlying state court conviction or this Court's resolution of his previous federal habeas petition.  He therefore contends that his Rule 60 motion does not effectively assert a "claim" for federal habeas relief, and it need not comply with the restrictions on successive habeas petitions.

Preyor further argues that the fact that his motion identified a compelling *Wiggins* claim of IATC does not make the motion a successive petition, because it did so only to demonstrate why the court's equitable intervention is appropriate.  According to Preyor, the standard is simply whether the grounds for relief in the Rule 60 motion themselves are "claims" asserting a "federal basis for relief from a state court's judgment of conviction," such that granting Rule 60 relief would "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."  *Gonzalez*, 545 U.S. at 530-31 (citing 28 U.S.C. § 2244(b)).

The district court's determination that Preyor's Rule 60 motion is a successive habeas petition is not debatable.  The district court denied his first federal habeas petition *on the merits*.  Preyor's Rule 60 motion does not confine itself to a nonmerits aspect of the first federal habeas proceeding that precluded a merits determination.  Instead, his motion seeks to set aside the district court's denial of relief on the merits and to reopen his initial federal habeas proceeding in order to assert a new claim and to introduce new evidence in a proceeding begun some seven years earlier.  His present attack is based

No. 17-70017

on his habeas counsel's failure to raise a *Wiggins* claim and, in effect, asks for a second chance to have the merits determined favorably.

In sum, reasonable jurists would not find debatable the district court's determination that Preyor's Rule 60 motion should be treated as a successive habeas petition because: (1) the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside his state conviction, *Gonzalez*, 545 U.S. at 533; (2) the motion does not merely assert that a previous ruling which precluded a merits determination was in error, *id.* at 532 n.4; (3) his attack is based on former habeas counsel's omission in failing to present a *Wiggins* IATC claim; and (4) his motion expressly acknowledges that he is seeking to have the previous judgment on the merits of his IATC claims set aside and to reopen his initial federal habeas proceeding in order to present the new IATC claim that his former federal habeas counsel omitted. Preyor has not identified how the alleged fraud impacted the court's adjudication of his federal habeas petition, except to complain about Jefferson and Estelle's general performance. Federal habeas counsel's allegedly marginal performance does not reflect a defect in the integrity of the federal court as it performs its habeas duties and is not a proper ground for reopening his federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). In sum, we think it not debatable that this Rule 60 motion is only an attempt to open a door to allow the litigation of a successive claim.

## B. Fraud on the Court – Rule 60(d)(3)

Although we have found that the district court's determination that the Rule 60 motion is a successive habeas petition is not debatable, we also briefly consider the district court's alternative determinations that Preyor has not satisfied the requirements for relief under Rule 60.

14

No. 17-70017

Preyor's fraud on the court claim is based on two allegations: (1) Jefferson's unauthorized practice of law concealed from the courts by his lawyer of record, Estelle; and (2) Estelle's request for duplicative payment from this Court under the CJA.

Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court" at any time. Rule 60(d)(3) addresses only fraud *on the federal habeas court*, not fraud on the state courts, the parties, or their relatives. *See Fierro v. Johnson*, 197 F.3d 147, 153-54 (5th Cir. 1999). The standard for "fraud on the court" is demanding. *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009).

> "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s] . . . the species of fraud which does or attempts to[] defile the court itself." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quotation omitted).

*Id.* Fraud on the court also includes "a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quotations omitted). It "requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* (quotation omitted). Courts should grant relief for fraud on the court to protect "the integrity of the courts," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), and to "fulfill a universally recognized need for correcting injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence" to the finality of a judgment. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).

No. 17-70017

1. (Conduct of Jefferson & Estelle)

With respect to the allegations that the conduct of Jefferson and Estelle constituted fraud on the court, the district court held:

> Petitioner makes no allegations that fit within the "narrow concept" of fraud on the court. There has been no showing of any attempt to defile the court, much less egregious misconduct that rises to the level of bribery or fabrication of evidence. Instead, the gist of petitioner's fraud allegation is that his retained habeas counsel (Brandy Estelle)—who competently represented petitioner throughout his federal habeas proceedings—intentionally misrepresented to the Court that she was petitioner's sole and lead attorney when in fact it was her disbarred co-counsel (Philip Jefferson) who did the majority of the work. Even assuming for the moment the truth of petitioner's allegation, it does not establish that counsel hatched "an unconscionable plan or scheme . . . designed to improperly influence the court in its decision." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citation omitted). Nor did counsel's alleged omission preclude the court from performing "in the usual manner," as the procedural history from this Court and the superior courts of appeal will attest. *Wilson*, 873 F.2d at 872.

Preyor argues that Estelle and Jefferson perpetrated a fraudulent scheme to subvert the integrity of the judicial process and undermine the public's confidence in the integrity of that process: Jefferson, a disbarred lawyer, solicited the engagement from Preyor's mother, developed the case strategy, crafted the pleadings, and otherwise conducted the federal habeas proceedings, while Estelle intentionally misrepresented to this Court that she was the sole attorney for Preyor. Unbeknownst to the district court, therefore, the advocacy for Preyor was not the work of a licensed attorney, but the result of Jefferson's unlicensed and illegal practice of law. Preyor also argues that Estelle and Jefferson's fraudulent scheme prevented the district court from effectively performing in the usual manner its impartial task of adjudging cases because, in our adversarial system, courts depend on licensed, qualified attorney representation from each side to sharpen the issues and inform their

16

No. 17-70017

decisions.    Preyor maintains that, if Estelle had disclosed Jefferson's involvement, the district court almost certainly would have used its inherent authority to prevent Estelle from appearing *pro hac vice* on Preyor's behalf.

Reasonable jurists could not debate the district court's decision that Preyor has not shown that Jefferson and Estelle hatched an unconscionable plan for the purpose of improperly influencing the district court in its decision. Likewise, jurists of reason could not debate the district court's determination that their conduct, although reprehensible if true, did not preclude the district court from performing in the usual manner its impartial task of adjudging the issues that were presented to it for adjudication.    The only fraud *on the court* alleged is that neither Preyor nor the court was aware that Jefferson was disbarred.    To the point, the alleged fraud on the court is not that someone other than Estelle was orchestrating the case; it is not even that the case was poorly orchestrated.    Instead, the alleged fraud on the court is the specific concealment of Jefferson's disbarment from the court.    It is difficult to see how this form of concealment affected the judgment of the district court. Accordingly, Preyor is not entitled to a COA to appeal the district court's decision denying relief under under Rule 60(d)(3).

2.  Estelle's Request for Compensation from this Court under the CJA

As we explained in our detailed description of the procedural history of this case, Estelle was not appointed under the CJA until *after* she had completed most of the work in this Court.    The only substantive work that she performed as CJA counsel was the filing of a petition for rehearing in this Court and the filing of a petition for certiorari and a petition for rehearing in the Supreme Court of the United States.    Her submission of CJA vouchers for compensation for those tasks did not constitute fraud *on the district court*.    It most certainly did not affect the judgment that Preyor urges us to set aside.

No. 17-70017

No reasonable jurist would debate the district court's decision that such conduct is is not grounds for relief under Rule 60(b)(3).[5]

## C.  Rule 60(b)(6)

Federal Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from a final judgment for "any . . . reason that justifies relief." A Rule 60(b) motion must be made within a reasonable time unless good cause can be shown for the delay. Fed. R. Civ. P. 60(c)(1). To obtain relief under Rule 60(b)(6), the movant must show "extraordinary circumstances" justifying the reopening of a final judgment. The district court held that Preyor failed to meet his burden under Rule 60(b) to show that the motion was made within a reasonable time and that extraordinary circumstances exist that justify the reopening of its 2012 final judgment denying federal habeas relief.

### 1. Extraordinary Circumstances

The district court held that Preyor had not demonstrated the existence of "extraordinary circumstances" to justify relief under Rule 60(b)(6). To establish extraordinary circumstances, Preyor relied on the affidavits of Preyor's mother, Preyor's uncle, Jefferson's friend and ex-wife, and Jefferson's nephew, to argue that Estelle and Jefferson fraudulently obtained Preyor's consent to represent him, which ultimately resulted in a disbarred attorney orchestrating his entire defense as lead counsel. The district court pointed out that little in the record supports Preyor's allegation that *his* consent—as opposed to the consent of his mother—was fraudulently obtained. The court further observed that, other than the affidavits of Preyor's mother and uncle, there is little, if any, evidence that Jefferson was in fact orchestrating the entire defense as lead counsel.

---

[5] This Court intends to investigate the claim that Estelle was paid under the CJA for work for which she had already been paid by Preyor's mother and will take appropriate action if it deems it to be necessary.

No. 17-70017

Preyor argues that Jefferson and Estelle fraudulently induced his consent to their representation and robbed him of his statutory right to one full and fair opportunity to bring relevant claims for relief in a valid federal habeas proceeding, and this constitutes an "extraordinary circumstance" remediable under Rule 60(b)(6).  He contends further that the result of their fraud is that he was essentially abandoned by them.  Relying on *Maples v. Thomas*, 565 U.S. 266 (2012), and *Holland v. Florida*, 560 U.S. 631 (2010), he argues that he cannot be charged with their acts or omissions.  He also contends that the district court disregarded a "mountain of evidence" of Jefferson's involvement.

We conclude that reasonable jurists could not debate the district court's decision that Preyor failed to demonstrate the existence of extraordinary circumstances to justify the reopening of the judgment denying his federal habeas claims.  As the district court noted, there is little, if any, evidence that Preyor himself was even aware of Jefferson's alleged involvement in the case.  Furthermore, Preyor did not request that the district court appoint new counsel after the district court denied Estelle's motion for appointment under the CJA on the ground that she had failed to demonstrate that she was qualified.  Finally, Preyor's reliance on *Maples* and *Holland* is misplaced.  In *Edwards v. Davis*, this court held that *Maples* does not establish that abandonment by counsel in habeas proceedings is a defect in the integrity of those proceedings in the Rule 60(b) context.  676 F. App'x 298, 305 (5th Cir. 2017).[6]

## 2.  Rule 60(b)(6) - Timeliness

The district court held as a further ground for rejecting Preyor's motion that it was untimely.  The court pointed out that Preyor's mother became

---

[6] Contrary to Preyor's assertion, *Edwards* is not an unpublished decision and is binding; although it was initially filed as an unpublished opinion, it was published five days later.

aware of Jefferson's disbarment in early 2015, as the result of an internet search. Accordingly, the court concluded that any defect in the integrity of the proceedings caused by Jefferson's involvement could have been discovered just as easily by Sheard almost immediately upon her appointment as counsel for Preyor in March 2015. Even assuming that Preyor could not have discovered the basis for a Rule 60 motion until Sheard had conducted an investigation, the district court held that the motion would still be untimely because in April 2016, when Sheard presented a proposed budget, she indicated she had researched a potential Rule 60 motion concerning habeas counsels' alleged misconduct. The court concluded that, considering the substantial amount of time, money, and professional assistance devoted to assisting Preyor, Preyor was dilatory in waiting until less than two weeks before his scheduled execution to file a motion under Rule 60.

Preyor argues that the fact that his mother learned of Jefferson's disbarment in 2015 did not provide the factual basis necessary to support a claim for relief under Rule 60. He contends that his counsel was required to investigate the full circumstances of Jefferson's involvement in the case. Although counsel promptly began the investigation upon learning of Jefferson's disbarment and potential work on the case, Preyor asserts that her investigation was put on hold for over a year while the court considered her request for a budget; and once the budget was finally approved on May 12, 2017, counsel advanced the investigation for which funding had been granted. He therefore asserts that the motion was filed well within the reasonable time contemplated by Rule 60(c).

Reasonable jurists could not debate the district court's conclusion that Preyor did not request Rule 60(b)(6) relief within a reasonable time after learning of the alleged defect in the integrity of the proceedings resulting from Jefferson's involvement in representing Preyor. Preyor's counsel learned of

No. 17-70017

Jefferson's disbarment in 2015. Sheard's budget request in the district court in 2016 indicates that she intended to pursue a Rule 60 claim based on the conduct of prior federal habeas counsel. Because Preyor's claims are supported almost entirely by affidavits from family members, which are not cost prohibitive to obtain, *see Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000), his contention that the court's delay in approval of Sheard's budget prohibited him from obtaining evidentiary support for the claim is not persuasive.

## D. Stay of Execution

In determining whether to grant a stay of execution, we consider

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) . . . the public interest.

*Diaz v. Stephens*, 731 F.3d 370, 379 (5th Cir. 2013). "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). We "may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Nelson v. Campbell*, 541 U.S. 637, 649 (2004).

Preyor's motion for a stay of execution depends on the availability of Rule 60 relief. *See Diaz*, 731 F.3d at 379. Because we have held that reasonable jurists would not debate the district court's decision that Rule 60 relief is not available to Preyor, he has not made a strong showing that he is likely to succeed on the merits of his Rule 60 claim. *Id*. Further, Preyor's request for Rule 60 relief is not timely. It seeks to reopen a judgment entered in June 2012. His present counsel was appointed in March 2015. He did not file his

No. 17-70017

Rule 60 motion until July 17, 2017, ten days before his scheduled execution. Simply put, as the district court properly found, Preyor has known of the facts underlying his Rule 60 motion for two years and has had appointed counsel for the same time.  Still, he waited until two weeks before his execution to bring the motion.  In the light of the State's significant interest in enforcing its criminal judgment, there is a strong equitable presumption against granting a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.  *See Edwards v. Davis*, 676 F. App'x at 308; *In re Paredes*, 587 F. App'x 805, 826 (5th Cir. 2014).  Accordingly, we DENY Preyor's request for a stay of execution.

### III.

To sum up:  Preyor has not made a substantial showing of the denial of a constitutional right.  Reasonable jurists could not debate the district court's decision that his last-minute Rule 60 motion is actually a successive habeas petition.  Nor could reasonable jurists debate the district court's alternative conclusion that Preyor failed to establish that he is entitled to relief under Rule 60(d)(3) and/or Rule 60(b)(6).  We therefore DENY his application for a COA and DENY a stay of execution.[7]



**Certified as a true copy and issued as the mandate on Jul 27, 2017**

Attest:

**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

[7] The motion to place documents under seal is DENIED as moot.